IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) GARNETT ROAD BAPTIST CHURCH, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: CIV-19-286-GKF-JFJ |
| (2) GUIDEONE MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, Garnett Road Baptist Church, prior to announcing ready for trial and before any proceedings were had before a jury, files this Motion in Limine and requests the Court rule as follows:

**REQUEST FOR RELIEF**

1. Plaintiff asks the Court to accept any matters in limine below that have been stipulated to by the Parties and any disputed matters proposed by Plaintiff.

2. With respect to the matters set forth in the lettered paragraphs below that have been accepted by the Court, Plaintiff requests that the Parties and their attorneys be instructed not to mention or bring before the jury, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses or experts, introduction of evidence or exhibits, argument or objection before the jury, or in any other manner inform the jury or bring to the jury's attention, such matters unless and until they have first been called to the Court's attention out of the presence and hearing of the jury and after a favorable ruling has been obtained by the Court as to the relevance and admissibility of such matters.

3.     Further, Plaintiff requests that the attorneys for each Party be specifically instructed to inform and counsel each anticipated and possible witness called by the Party that such witness shall not volunteer, disclose, state, reference, or mention to the jury during testimony any of these matters until specifically questioned thereon after a prior affirmative ruling by the Court on any such matter.

## MATTERS IN LIMINE

A. Any statement, reference, or mention of this Motion in Limine or any effort by either Party to exclude evidence, including that this Motion has been filed or ruled on by the Court, or that suggests or infers that a Party has moved to exclude evidence or proof of any matter, or that this Court has excluded proof on any matter.

   **Stipulated: ___X_____     Accepted: _____     Denied: _____**

B. Any comment by the attorneys that informs the jury of the effect of their answers to the questions in the charge.

   **Stipulated: ___X_____     Accepted: _____     Denied: _____**

C. Any testimony from Chad Williams or any other expert on behalf of Defendant as to the accuracy or reliability of weather data, including NOAA and CoreLogic data, which allegedly supports Defendant's conclusion as to the date of loss, as Defendant has not shown that the opinions are based upon sufficient facts or data nor has Defendant shown that the weather data is the product of reliable principles and methods.

   **Stipulated: _____     Accepted: _____     Denied: _____**

D. Any evidence or testimony by any witness asserting that Defendant's investigation of the claim was "reasonable" in light of industry practices as Defendant has not properly or timely identified or disclosed any such standard industry practice.

   **Stipulated: _____     Accepted: _____     Denied: _____**

E. Any legal theory, claim or defense by Defendant that was not pled in live pleadings.

   **Stipulated: _____     Accepted: _____     Denied: _____**

F. Any reputation or character evidence regarding any Party or witness.

   **Stipulated: _____     Accepted: _____     Denied: _____**

G. Any document intended to impeach any witness which was not timely and/or properly disclosed or identified in response to written discovery requests.

**Stipulated: _____    Accepted: _____    Denied: _____**

H. Any assertion that Plaintiff's claim is "fraudulent" or intentionally inflated, or that Plaintiff "intentionally concealed" any fact related to coverage, as such defenses to coverage are required to be timely pleaded with specificity. *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir. 1988) ("[F]ailure to plead ... an affirmative defense results in waiver of that defense and its exclusion from the case.").

**Stipulated:  X         Accepted: _____    Denied: _____**

I. Any definition of damage that contradicts the express terms of the Insurance Policy. For example, Michael Berryman opines that "the mere presence of debonded shingles is not damage," suggesting that depreciation should be excluded from damage calculations. However, the Policy requires Defendant to pay the "replacement cost (without deduction for depreciation)" to replace damaged items once a covered cause of loss is identified. Berryman's testimony that debonded shingles do not constitute damage, despite Defendant's admission of a covered cause of loss, is likely to confuse and mislead the jury as it conflicts with the insurer's payment obligations under the Policy.

**Stipulated: _____    Accepted: _____    Denied: _____**

J. Any speculation by Michael Berryman or Chad Williams as to the causation of granular loss on the shingles or the causation of flashing failures. Neither Berryman nor Williams provide any scientific justification for their determination that these damages were caused by wear and tear, mechanical damage, or improper installation or attempt to segregate what parts were caused by a covered cause of loss vs. the excluded causes to which they speculate. However, Plaintiff does not seek to prevent Defendant's experts from opining as to the cause of the observed interior water intrusion (e.g. failing vent flashing).

**Stipulated: _____    Accepted: _____    Denied: _____**

K. Any testimony on direct examination that contradicts Defendant's prior payments for covered damages in this claim. For example, Defendant should not be allowed to elicit expert testimony on direct examination that the roofing systems of any buildings were not damaged by hail or wind during the coverage period, directly contradicting Defendant's prior admissions and payment for replacement of the roofing system due to a covered cause of loss. As causation of the roofing damage is no longer at issue, such testimony is likely to confuse and mislead the jury.[1]

---

[1] Berryman issued his report on July 31, 2020, finding no hail or wind damage to structures that Defendant admitted were damaged by hail and wind during the coverage period in its letter dated January 27, 2020. Berryman's testimony is likely to confuse and mislead the jury, if offered for any reason other than impeachment of Berryman. However, Plaintiff does not seek to prohibit Berryman from testifying as to his conclusions as to the causes of water intrusion into the interiors of the Property, which remains at issue.

**Stipulated: _____   Accepted: _____   Denied: _____**

L. Any assertion that general contractor's overhead and profit and sales tax are unnecessary components of recovery under the Policy with regard to the coverages available under this claim or are unrecoverable, as these sums have been judicially determined to fall within the definition of actual cash value regardless of whether they are incurred by the insured.[2]

**Stipulated: _____   Accepted: _____   Denied: _____**

M. Any speculation as to the causes of interior water intrusion that occurred prior to the date of loss that is the subject of this claim.

**Stipulated: _____   Accepted: _____   Denied: _____**

N. Any testimony that conflicts with the applicable standards for admission of expert testimony. For example, Berryman challenges Parker's conclusions because Parker does not provide "conclusive proof." The applicable standard of proof for expert engineering testimony in a civil case is "to a reasonable degree of engineering certainty" and no other standard should be supplied to the jury as such would have a tendency to confuse and mislead.

**Stipulated: _____   Accepted: _____   Denied: _____**

## PRAYER

Plaintiff prays that, with respect to the stipulated matters set forth above, as well as any disputed matters accepted by the Court, the Court instruct counsel for each Party, their employees, agents, and witnesses to not make any comments, references, questions, or answers concerning the above matters or subjects, and that in the event counsel should consider that developments during trial have made such matters admissible, to first request to approach the bench and obtain a ruling

---

[2] "The court concludes that "actual cash value" under the policy means repair or replacement costs less depreciation. "[R]epair or replacement costs include any cost that an insured is reasonably likely to incur in repairing or replacing a covered loss."Contractor's overhead and profit and sales tax clearly fit this definition. These amounts should be included in the actual cash value award. NHIC points out that plaintiff did not actually incur some of these costs because he completed some of the repairs himself. While this may be true, it is legally irrelevant." *Ghoman v. New Hampshire Insurance Company*, No. 3–01–CV–0092–BD(L), 2001 WL 1112535 at *5 (N.D. Tex. 2001).

from the Court out of the presence of the jurors in regard to all claimed theories of admissibility of such matters or subjects.

/s Benjamin Doyle
Benjamin D. Doyle, OBA No. 33346
**STOCKARD, JOHNSTON BROWN & NETARDUS, P.C.**
P.O. Box 3280
Amarillo, TX 79116-3280
Telephone: 806-318-4656
Facsimile: 806-379-7799
Email: bdoyle@sjblawfirm.com

And

Justin D. Meek, OBA No. 21294
jmeek@46legal.com
Ryan L. Dean, OBA No. 21152
rdean@46legal.com
**Dewitt, Paruolo, and Meek, PLLC**
3540 South Boulevard, #300
Edmond, OK 73013
Phone: 405-705-3600
Fax: 405-705-2573

*Attorneys for Plaintiff*
*Garnett Road Baptist Church*

## CERTIFICATE OF CONFERENCE

This is to certify that on August 28, 2020 I conferred with Stephanie L. Khoury, Counsel for the Defendant, and she has indicated to which items Defendant has stipulated.

/s/ Benjamin D. Doyle
Benjamin D. Doyle

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28th, 2020, a true and correct copy of the foregoing was delivered to all counsel of record via Electronic Mail, in compliance with Federal Rules of Civil Procedure.

*/s/ Benjamin D. Doyle*
Benjamin D. Doyle